UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONSTAR MORTGAGE, LLC,

    Plaintiff,

v.                                                            CASE NO. 8:17-cv-502-T-23CPT

CHRISTOPHER C. D'ANGELO, et al.,

    Defendants.
_____/

## **ORDER**

After Christopher C. D'Angelo and Heather Conley defaulted in the repayment of the mortgage secured by the property at 10418 Tilburg Street, Spring Hill, FL 34608,[1] (Doc. 1 at 2) Nationstar Mortgage, LLC, sued (Doc. 10) D'Angelo, Conley, and Target National Bank/Target Visa. The defendants failed to answer, and the clerk entered a default (Docs. 16, 17, 19) against each. Demanding foreclosure and possession of the property, Nationstar moves (Doc. 22) for a default judgment.[2]

---

[1] "Lot 3, Block 1169, Spring Hill Unit 17, as per plat thereof, recorded in plat book 9, pages 31 through 46, of the public records of Hernando County, Florida." (Doc. 22 at 2)

[2] In Count I, Nationstar "requests that the Court declare, establish and judicially foreclose its senior interest in the property . . . ." (Doc. 10 at 5) In Count II, Nationstar "requests the Court grant possession of the property to it and/or any other purchaser at sale, ejecting D'Angelo, Conley and/or any others." (Doc. 10 at 6)

A defendant in default admits a claim, but only if the facts are "well-pleaded." *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Nationstar states claims against D'Angelo and Conley but fails to state a claim against Target. The amended complaint mentions Target only once: "On 4/5/11, Target obtained a state court judgment for $9,940.24 as to D'Angelo, recorded 4/7/11 B. 2815 P. 204." (Doc. 10 at 3) Nationstar sues for a declaration of the mortgagee's superior interest in the property; assuming, for example, that Target has a lien secured on the property, Nationstar fails to plead this or any other fact connecting Target to this action.

For the reasons stated in Nationstar's unopposed motion for a default judgment and because D'Angelo and Conley are in default and so admit each allegation in Counts I and II, Nationstar's motion (Doc. 22) for a default judgment against D'Angelo and Conley is **GRANTED**. But because Nationstar fails to state a claim against Target, Nationstar's motion (Doc. 22) for a default judgment against Target is **DENIED**.

D'Angelo and Conley owe Nationstar:

| | |
|---|---|
| Unpaid principal balance: | $133,647.87 |
| Accrued interest: | $7,529.11 |
| Escrow: | $3,999.48 |
| **TOTAL OF ALL OBLIGATIONS:** | **$147,901.91** |

(Doc. 22-9 at 1–2)

As to Count I, the mortgage on the property is prior and superior to all rights, claims, liens, interests, equities, and encumbrances of D'Angelo and Conley and all persons claiming under, through, or against them. Nationstar is entitled to judgment foreclosing its interest in the property. As to Count II, Nationstar or any third-party purchaser at the sale is granted post-sale possession of the property and its improvements, fixtures, and other contents.[3]

Under Rule 53, Federal Rules of Civil Procedure, Mediation Inc., James Chaplin, Esq., is appointed as special master and must offer the property for public sale to the highest and best bidder for cash, subject to certain rights established in this order. Before taking physical possession of the property, the special master or his representative must have free access to the premises during reasonable business hours.

In accord with 28 U.S.C. §§ 2001 and 2002, the special master must hold the sale by public auction at Hernando County Courthouse. The special master must advertise the day and time of the sale by publishing a notice of sale once a week for four consecutive weeks preceding the sale. The advertisement describing the property and the terms and conditions of sale must appear in at least one newspaper regularly issued and of general circulation in Hernando County.

---

[3] Under Rule 64, Federal Rules of Civil Procedure, and pursuant to an ancillary writ of possession, the plaintiff or any purchaser is entitled to post-sale possession of the property. *Redding v. Stockton*, 488 So. 2d 548 (Fla. 5th DCA 1986) ("Foreclosure is a case in equity, and a writ of possession is ancillary to it.").

The special master must sell the property free and clear of any lien or encumbrance. On the day of the sale, the successful bidder must deposit with the special master, either by cashier's check (payable to the plaintiff's counsel of record) or by cash deposit, a minimum of ten percent of the amount bid. But without paying a deposit, Nationstar may place credit bids against the amount owed on the mortgage.

The successful bidder must tender the balance of the purchase price to the special master no later than two business days after the day of the sale and must pay by cashier's check or by cash. If a successful bidder fails to fulfill this requirement, the deposit is forfeited and applied to the expenses of the sale with any remaining amount returned to the bidder, and the special master must again offer the property for sale under the terms and conditions stated in this order. If Nationstar purchases the property, the special master must credit on Nationstar's bid the total sum owed to Nationstar or the amount necessary to fully pay Nationstar's bid. If not the purchaser, Nationstar must advance all subsequent costs of this action, for which the special master must reimburse Nationstar. A successful third-party bidder at the sale must pay, in addition to the amount of the bid, any documentary stamps and land registry fees and costs.

The sale of the property is subject to judicial confirmation.[4] After the sale, the special master must submit to the clerk of the court a report of sale. Nationstar must then move under Rule 70, Federal Rules of Civil Procedure, for an order confirming the sale of the property and conveying title to the purchaser, which Nationstar must submit to the local land registry office. After an order confirms the sale, the special master must determine the expenses of the sale, including any cost of publication and any expense of preservation, and must pay the expenses of the sale from the sale proceeds.[5] The special master must remit the balance of the sale proceeds to the clerk of this court with a statement of the special master's costs and expenses.

Until the property is sold and the successful bidder physically possesses the property, D'Angelo and Conley must preserve the property in its current condition. D'Angelo and Conley must not commit waste, damage, or vandalism against the property or commit any act that impairs or reduces the property's value or marketability. After the sale, all parties, occupants, and entities must vacate the property as directed by the United States Marshal or by local law enforcement officers, who are ordered to remove any remaining person and their personal

---

[4] Nationstar may assign the judgment by executing an assignment before an order is issued confirming the sale.

[5] Nationstar may recover from the sale proceeds its costs in prosecuting this action; its expenses of sale, including documentary stamps affixed to the order if applicable; the total sum due to Nationstar less the items paid; and interest.

property from the property. Refusal or failure to vacate the property is punishable by contempt.

Any personal property that the owner of the personal property fails or refuses to remove from the property is deemed forfeited and abandoned, and Nationstar or the purchaser may remove and dispose of the personal property, including by sale, in which case the seller must apply the proceeds of the sale to the expenses of the sale.

Jurisdiction is retained over this action to enter any further order. The clerk is directed to close the case.

ORDERED in Tampa, Florida, on May 17, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE